IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONALD EVANS,

Petitioner,

v.

KEVIN RANSOME, et al.,

Respondents.

CIVIL ACTION
NO. 21-cv-5474

## OPINION

**Slomsky, J.**                                   **January 2, 2024**

### TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 2

   A.   Post-Trial Procedural History ................................................................. 3

   B.   Evans' § 2254 Petition ............................................................................ 6

   C.   Magistrate Judge's Report and Recommendation ................................... 8

      i.   Non-Cognizable Claims ....................................................................... 8

      ii.  Exhausted Claims ............................................................................... 11

      iii. Defaulted Claims ................................................................................ 13

   D.   Evans' Objections ................................................................................. 17

III.  STANDARD OF REVIEW ............................................................................ 21

IV.   ANALYSIS ...................................................................................................... 23

   A.   Non-Cognizable Claims ........................................................................ 23

      i.   Abuse of Discretion in Denying Request for Continuance to Obtain New Counsel ..... 23

i

    ii.    Trial Court Error Related to Chief Engel's Testimony .................................... 27

    iii.   Denial of Post Conviction Relief Act (PCRA) Evidentiary Hearing ............ 28

**B.**    **Exhausted Claims** .......................................................................................... 28

    i.    Ineffective Assistance of Counsel for Failing to Call a Defense Witness ..................... 29

    ii.    Insufficient Evidence ............................................................................. 30

    iii.   Illegal Sentences under <u>Alleyne</u> ......................................................... 31

    iv.   Illegal Consecutive Sentences .............................................................. 32

    v.    Illegal Sentence for Posession with Intent to Distribute (PWID) Conviction ............... 32

**C.**    **Defaulted Claims** .......................................................................................... 33

    i.    Claims Raised for the First Time in Habeas Petition ....................................... 33

    ii.    Claims Deemed Waived by the Superior Court on Direct Appeal ................................. 34

    iii.   Claims Deemed Waived by the Superior Court on PCRA Review ............................... 37

        a.    Trial Court Error for Failing to Adhere to the Dictates of
            42 Pa. C.S.A. § 9714. ...................................................................... 38

        b.    Ineffectiveness of PCRA Counsel for Failing to Obtain
            Exculpatory Evidence .................................................................... 38

        c.    Improper Reasonable Doubt Instruction .................................................. 39

        d.    Violation of <u>Batson</u> ........................................................................ 40

        e.    Violation of <u>Brady</u> .......................................................................... 42

        f.    Prosecutorial Misconduct .................................................................. 43

        g.    Improper Extradition ....................................................................... 44

**V.**    **MOTIONS** ........................................................................................................ 44

    **A.**    **Motions for Discovery** ................................................................................... 45

**B.**      **Motion for an Evidentiary Hearing** ........................................................... 47

**VI.  CONCLUSION** ................................................................................................. 47

## I.   INTRODUCTION

In 2012, after a jury trial in the Delaware County Court of Common Pleas, a jury convicted Petitioner Donald Evans of two counts of aggravated assault as a first-degree felony, two counts of aggravated assault as a second-degree felony, one count of resisting arrest, one count of recklessly endangering another person, one count of fleeing from a police officer, one count of causing an accident involving damage to attended vehicle or property, and one count of possession with intent to deliver a controlled substance (cocaine) ("PWID").[1]   He was sentenced to an aggregate 294 to 744 months incarceration and is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI Dallas").

On December 13, 2021, Evans filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "§ 2254 Petition") alleging twenty-three different claims.   He seeks an evidentiary hearing on his claims and a new trial.   On January 3, 2022, the Court referred the § 2254 Petition to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation.   On June 26, 2023, Magistrate Judge Hey issued her Report and Recommendation (the "R&R"), recommending denial of the § 2254 Petition.   (Doc. No. 33.)   On July 11, 2023, Petitioner filed Objections to the R&R.   (Doc. No. 34.)   For reasons that follow, Evans' Objections will be overruled, an evidentiary will not be held because it is not warranted, and the R&R will be approved and adopted.   Accordingly, Evans' § 2254 Petition will be denied and a certificate of appealability will not be issued.

---

[1] The jury acquitted Petitioner of criminal attempted homicide.  N.T. 10/4/12 at 137-38.

## II.    BACKGROUND

The relevant facts supporting the offenses for which Evans was found guilty were summarized as follows by Senior Judge Michael F. X. Coll of the Delaware Court of Common Pleas, who presided over Evans' jury trial:

> On October 5, 2011, Chief Clifford Engel of the Prospect Park police department responded to a report that a lewd act was taking place in a car illegally parked in the 600 block of Pennsylvania Avenue, Prospect Park, PA. He drove to the block in his police vehicle and observed a black Nissan sedan parked in a northwesterly direction on the east side of the street in a 'no parking' area. He drove down the block in a southeasterly direction, pulled alongside the Nissan and stopped when he was adjacent to it. He observed the heads of two individuals—later identified as [Evans] and Sherry Van–Vladricken [ ('Van–Vladricken') ]—'pop' up. He advised [Evans] that the Nissan was illegally parked and then continued to drive in a southeasterly direction, came to a stop and exited the police vehicle. [Evans] turned on the Nissan's engine, put his transmission into reverse, and suddenly propelled it in Engel's direction, ignoring the commands to 'stop.' Engel later testified that he could see defendant's eyes in the rear view mirror 'looking back' at him. Engel was able to avoid being struck by moving back into his police vehicle, tucking his hind part into the car, and pulling himself into a ball. The Nissan struck the driver's door of the police vehicle and then proceeded in a southeasterly direction on Pennsylvania Avenue, striking a pick-up truck, several cars, and coming to a stop in front of an automobile body shop on the corner of Pennsylvania Avenue and Chester Pike. [Evans] exited the car and then ran in an easterly direction along Chester Pike in the direction of a CVS Pharmacy.
>
> Two other police officers who had come to the scene gave chase and met up with [Evans] in front of the CVS, where two citizens had subdued him. After arresting him, the officers recovered his jacket, under which they located 32 packages of suspected narcotics. During a search of his person incident to his arrest, the officers recovered $1,200.00 in cash. Later analysis confirmed that the packages contained crack cocaine.

Trial Court Opinion, 1/29/13, at 1-2 (record citations omitted).

Com. v. Evans, No. 3256 EDA 2012, 2013 WL 11253747 at *1 (Pa. Super. Sept. 19, 2013).  On November 7, 2012, Judge Coll sentenced Petitioner to an aggregate 294 to 744 months' incarceration, plus fines and restitution.[2]  N.T. 11/7/12 at 90-93; Commonwealth v. Evans, CP-23-

---

[2]  Judge Coll sentenced Evans as follows:

CR000679-2012, Certificate of Imposition of Judgment of Sentence (Del. C.C.P. Nov. 7, 2012); Docket Sheet (entries dated 11/7/12).  Evans filed a motion to reconsider his sentence, which the trial court denied.  Commonwealth v. Evans, No. 56 EDA 2020, 2021 WL 3056666 at *1 (Pa. Super. July 20, 2021).

### A. Post-Trial Procedural History

On November 26, 2012, Clinton L. Johnson, Esquire, entered his appearance for Evans and filed a notice of appeal to the Pennsylvania Superior Court.[3]  See Docket Sheet (entries dated 11/26/12).  On direct appeal, Evans raised nine claims:

1. Whether the trial court . . . erred in finding [Petitioner] guilty, where the Commonwealth failed to prove beyond a reasonable doubt that [Petitioner] committed an aggravated assault and [Possession with Intent to Distribute]?

2. Whether the trial court abused its discretion in refusing to grant [Petitioner's] request for a continuance where the public defender . . . informed [Petitioner] and the trial court for the first time, the day the trial was to begin, that he had a conflict of interest, in that his office had represented a crucial Commonwealth witness, in the case, previously?

3. Whether the trial court abused its discretion in refusing to permit [Petitioner] to hire counsel of his choosing where [Petitioner] learned of his public defender's conflict and where his then counsel was pursuing a strategy against him and in favor of the

---

- 120 to 240 months' incarceration for one count of aggravated assault; 18 Pa.C.S.A. § 2702(a)(2),
- 39 to 120 months' incarceration for one count of aggravated assault, 18 Pa.C.S.A. § 2702(a)(6),
- 9 to 24 months' incarceration for resisting arrest or other law enforcement,
- 12 to 24 months' incarceration for recklessly endangering another person,
- 30 to 84 months' incarceration for fleeing or attempting to elude a police officer,
- 6 to 12 months' incarceration for accident involving damage to attended vehicle or property, and
- 78 to 240 months' incarceration for possession with the intent to deliver a controlled substance (cocaine).

Evans' sentences run consecutively.  The trial court did not impose incarceration for his three convictions for summary offenses, which are not listed.  Evans, 2021 WL 3056666 at *2, n. 3.

[3] Petitioner Evans was represented by Christopher Boggs, Esquire, a public defender at trial.

Commonwealth's witness, the public defender's former client, where she possessed the drugs found in [Petitioner's] vehicle . . . and trial counsel did not put that evidence on or . . . conduct an[] investigation concerning the witness or ascertain her deals . . . with law enforcement?

4. Whether the trial court abused its discretion in refusing to permit the public defender . . . to resign as counsel for [Petitioner], where [the public defender] advised the trial court that he believed his representation of [Petitioner] at trial would be a conflict of interest for him?

5. Whether the trial court imposed an illegal sentence, where it imposed consecutive sentences for aggravated assault attempt to cause serious bodily injury . . . and aggravated assault by physical menace . . . where both offenses arise out of the same criminal act [and] are alternative pleadings of [the] same criminal statute . . . ?

6. Whether the trial court imposed an illegal sentence, where it imposed a term of [78] to [240] months, for PWID, which exceeded the statutory maximum of 180 months?

7. Whether the trial court abused its discretion in sentencing [Petitioner] to a sentence of [24 1/2] to [62] years, as said sentence was unlawful and excessive?

8. Whether the trial court erred in allowing [a] Commonwealth witness to provide impermissible and prejudicial opinion testimony?

9. Whether the trial court abused its discretion in reading the affidavit of probable cause in various parts . . . to the jury, at the beginning of the trial, as the information contained in the affidavit . . . was [] unduly prejudicial, which abridged [Petitioner's] right to a fair trial?

Evans, 2021 WL 3056666 at *2.  On September 9, 2013, the Superior Court affirmed Petitioner's conviction and sentence, finding his claims either meritless or waived.  Id. at *9.[4]  On May 13, 2014, Evans filed a petition for allowance of appeal with the Pennsylvania Supreme Court, and on December 10, 2014, the petition was denied.  Id. at *2.

On July 29, 2015, Evans filed a pro se petition under the Post-Conviction Relief Act ("PCRA") authorized by 42 Pa. Cons. Stat. §§ 9541, et seq.  Id.  The PCRA court appointed

---

[4] Prior to seeking allowance of appeal, Evans filed a petition for appointment of new counsel with the Pennsylvania Supreme Court, which remanded the case to the trial court to determine whether appellate counsel should be permitted to withdraw.  Commonwealth v. Evans, 194 MM 2013, Order (Pa. Feb. 12, 14); Docket Sheet (entry dated 02/18/14).  On April 14, 2014, Judge Coll granted Attorney Johnson's motion to withdraw and appointed Timothy Walsh, Esquire, to represent Petitioner.  Docket Sheet (entry dated 04/14/14).

Stephen D. Molineux, Esquire, as counsel for Evans.  Id.  Between December 2015 and July 2018, the PCRA court granted Attorney Molineux fourteen requests for extension of time to file an amended PCRA petition.  Id.

On September 27, 2018, the PCRA court held a Grazier[5] hearing to determine whether Attorney Molineux was permitted to withdraw as counsel and if Evans would be permitted to represent himself.  Id.  On October 17, 2018, Attorney Molineux was permitted to withdraw as counsel, Evans' request to represent himself was denied, and Michael S. Dugan, Esquire, was appointed as PCRA counsel.  Id.  In the meantime, Evans decided to hire his own counsel.  On December 13, 2018, Lisa M. Lattanzi, Esquire, entered her appearance on behalf of Evans as retained PCRA counsel.  Id.

On April 18, 2019, Attorney Lattanzi filed an amended PCRA petition.[6]  Id.  On October 2, 2019, Judge Richard M. Cappelli held a PCRA hearing, at which no witnesses were called to testify.  (N.T. 10/2/19.)  On November 22, 2019, the PCRA court denied Evans' PCRA petition.  Evans, 2021 WL 3056666 at *2.  On December 18, 2019, Evans filed a pro se notice of appeal and later filed a pro se concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[7]  Id.  On April 14, 2020, Evans filed a second pro se Rule 1925(b) statement.  Id.  On

---

[5] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).  The Pennsylvania Supreme Court held in Grazier that if a petitioner in a state post-conviction relief proceeding requests to remove his counsel and to proceed pro se, the PCRA court must conduct a hearing and make an on-the-record determination that the waiver is knowing, intelligent, and voluntary.  Id.

[6] This petition raised three issues: (1) ineffectiveness of trial counsel for failing to call a potential defense witness, (2) Petitioner's consecutive sentences for aggravated assault were illegal; and (3) Petitioner's consecutive mandatory minimum sentences for aggravated assault violated Alleyne v. United States, 570 U.S. 99 (2012), in which the Supreme Court held that all facts that increase a mandatory minimum sentence must be submitted to and found by a jury.  Id.

[7] Pennsylvania Rule of Appellate Procedure 1925(b) states in pertinent part:

April 15, 2020, the PCRA court granted Attorney Lattanzi leave to withdraw as PCRA counsel for Evans. Id. at *6, n.10.   On June 26, 2020, the PCRA court held a <u>Grazier</u> hearing and granted Evans' request to represent himself on appeal. Id. at *2.  On July 20, 2021, the Superior Court of Pennsylvania denied Evans' PCRA appeal. Id. at *1.  He did not pursue an appeal of the denial of his PCRA Petition to the Supreme Court of Pennsylvania.

### B. Evans' § 2254 Petition

On December 7, 2021, Evans filed a <u>pro se</u> Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "§ 2254 Petition").  (Doc. No. 1.)  He raised twenty-two (22) grounds he believed demonstrated that he is being detained in violation of the Sixth and Fourteenth Amendments to the United States Constitution:

1. Trial court abuse of discretion in refusing to grant Petitioner's request for a continuance where the public defender, Attorney Boggs, informed Petitioner on the day trial was to begin that he had a conflict of interest in that his office had previously represented a crucial Commonwealth witness;

2. Trial court error in refusing to permit Petitioner to hire counsel of his own choosing where Petitioner learned of Attorney Boggs' conflict and pursued an unfavorable trial strategy in violation of the Sixth Amendment;

3. Trial court error in refusing to allow Attorney Boggs to withdraw as counsel due to the conflict of interest;

4. Trial court committed structural error and violated Petitioner's guaranteed right to a public trial;

5. Trial court error in finding Petitioner guilty where the Commonwealth failed to prove beyond a reasonable doubt that Petitioner committed an aggravated assault and possessed drugs with intent to deliver;

---

If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. R. 1925.

6.  Petitioner's mandatory minimum sentences are unconstitutional and violate <u>Alleyne</u>;

7.  Trial court error for failing to adhere to the dictates of 42 Pa. C.S.A. § 9714;[8]

8.  Trial court imposed an illegal sentence where it imposed consecutive sentences for aggravated assault attempt to cause bodily injury and aggravated assault by physical menace, where both offenses arose from the same criminal act and are alternative charges from the same statute;

9.  Trial court imposed an illegal sentence where it imposed a term of 78-to-240 months for [PWID], which exceeds statutory maximum of 180 months;

10. Trial court abused its discretion in sentencing Petitioner to 24½-to-62 years;

11. Trial court abused its discretion in allowing Chief Clifford Engel to provide impermissible and prejudicial opinion testimony;

12. Trial court abuse of discretion in reading affidavit of probable cause to the jury at the beginning of trial, which deprived Petitioner of a fair trial;

13. Petitioner is actually innocent;

14. PCRA court erred in denying Petitioner an evidentiary hearing;

15. Superior Court's reliance on Pennsylvania Rule of Appellate Procedure 302(a) to find claims waived constituted an unreasonable determination of the facts;

16. Ineffectiveness of retained PCRA counsel (Attorney Lattanzi) for failing to subpoena a potential witness and failing to subpoena evidence that proved Petitioner's innocence;

---

[8] 42 Pa. C.S.A. § 9714, Sentences for Second and Subsequent Offenses, states in pertinent part that:

  (a) Mandatory sentence.—

  (1)  Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

17. IAC for acts and omissions at trial, and ineffectiveness of all subsequent counsel for failing to raise claims that should have been raised on direct and PCRA review;

18. Trial court erred in providing improper reasonable doubt jury instructions;

19. Commonwealth withheld exculpatory evidence in violation of <u>Brady</u>;

20. Prosecutorial misconduct for various reasons;

21. Commonwealth violated the laws and treaties of the United States regarding extradition; and

22. IAC [ineffective assistance of counsel] for failing to call a potential defense witness to testify at trial.

(<u>Id.</u> at 23-82.)  The Petition also raised an unnumbered challenge based on <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), which Magistrate Judge Hey treated as Evans' twenty-third claim.  (<u>See</u> Doc. No. 33 at 13.)

### C.  Magistrate Judge's Report and Recommendation

On January 3, 2022, Evans' § 2254 Petition was referred to Magistrate Judge Elizabeth T. Hey for a Report and Recommendation.  (Doc. No. 6.)  On June 26, 2023, Magistrate Judge Hey issued a Report and Recommendation (the "R&R") in which she recommends that Evans' <u>pro</u> <u>se</u> Petition for Habeas Corpus (Doc. No. 1) be denied.  (Doc. No. 33 at 1.)  The R&R organized Evans' twenty-three claims into three broad categories; non-cognizable, exhausted, and procedurally defaulted claims, and addressed each category in turn.  (<u>Id.</u> at 19.)  Judge Hey thoroughly reviewed each claim.

### i.  Non-Cognizable Claims

Judge Hey first analyzed Evans' claims that she found were non-cognizable.  (<u>Id.</u> at 20.) These claims included Grounds 1 to 3, 10, 11 and 13 to 15.  (<u>Id.</u>)  She found that Grounds 1 through 3 were related and addressed them together.  (<u>Id.</u>)  Grounds 1 through 3 related to the alleged "trial court error in denying [Evans'] request for continuance to obtain new counsel to replace Attorney

Boggs due to a conflict of interest. . ."[9]  (Id.)  Judge Hey stated that if the claims are "construed as alleging trial court error or abuse of discretion, the claims are collectively non-cognizable" because "[t]he state courts reviewed [these claims] under Pennsylvania law. . . and there is no showing that the trial court's alleged error implicates Petitioner's federal constitutional rights."  (Id.)  Further, the R&R states that "[e]ven if I were to construe petitions first three claims as implicating due process, I would find that Petitioner is not entitled to relief."  (Id.)  Thus, the R&R recommends that Evans' claims in Grounds 1 through 3 be denied.  (Id. at 24.)

Regarding Ground 10, the R&R stated that the trial court did not abuse its discretion in "sentencing him to 24 ½ to 62 years' incarceration" because "absent a constitutional violation, a federal court has no power to review a sentence in a habeas proceeding unless it exceeds the statutory limits.  (Id. at 24 (citing Smith v. Kerestes, No. 08-cv-0061, 2009 WL 167136 at *16 (E.D. Pa. June 15, 2009)).  The R&R states that "[h]e does not assert that the sentence is beyond statutory limits.  Thus, the claim is not cognizable on habeas review."  (Id. at 25.)  As such, the R&R recommends that the claim asserted in Ground 10 of the § 2254 Petition be denied.  (Id.)

The Magistrate Judge then addressed Ground 11 raised in Evans' § 2254 Petition.  The R&R states that ground 11 of Evans' § 2254 Petition "argues that the trial court abused its discretion in allowing Chief Clifford Engel to provide impermissible opinion testimony regarding his impression of the physical characteristics of crack cocaine users."[10]  (Id.)  The R&R stated that

---

[9] The Superior Court of Pennsylvania also recognized that the claims were related and addressed them together.  Commonwealth v. Evans, No. 3256 EDA 2012, 2013 WL 11253747 at *4-5 (Pa. Super. Sept. 19, 2012).

[10] Chief Clifford Engel of the Prospect Park police department was the police officer who was almost hit by Evans' car.  (N.T. 10/3/12 at 60-65.)  He presented opinion testimony as to the characteristics of crack cocaine users based on his experience as a Prospect Park police officer.  (Id. at 77.)  Chief Engel testified that he observed none of the features of crack-cocaine users on

"[d]iscretionary evidentiary rulings are 'best left to the province of the trial judge'" and "are not considered to be of constitutional proportion, cognizable in federal habeas corpus proceedings, unless the error deprives a defendant fundamental fairness in his criminal trial." (Id. (first citing Yohn v. Love, 76 F.3d 508, 525 (3d Cir. 1996), then Bisaccia v. Att'y Gen. of N.J., 623 F.2d 307, 312 (3d Cir. 1980))).  The Magistrate Judge concluded that "[g]iven the quantity and quality of the evidence presented, it cannot fairly be said that the trial court's discretionary decision to allow Chief Engel's testimony violated principles of fundamental fairness." (Id. at 26.)  The R&R recommends denial of Ground 11 on non-cognizable grounds.

Next, the R&R addressed Ground 13 in that "Petitioner's stand-alone actual innocence claim does not provide a basis for habeas relief, but will be considered in the context of his defaulted claims." (Id. at 27.)  Accordingly, the R&R stated that;

> [a]lthough a credible claim of innocence can provide a gateway through a procedural barrier to obtaining habeas review -- to excuse a statute of limitations violation, see McQuiggin v. Perkins, 569 U.S. 383, 392-93 (2013), or a procedural default, see Coleman, 501 U.S. at 750 -- actual innocence is not a stand-alone basis for habeas relief in a non-capital case. See Herrera v. Collins, 506 U.S. 390, 400 (1993).

(Id.)  Thus, the R&R recommends that the claim asserted in Ground 13 of the § 2254 Petition be denied.  (Id.)

As for Ground 14, the R&R stated that the PCRA court's denial of a full and fair evidentiary hearing is non-cognizable because "[t]here is no federal constitutional right to an evidentiary hearing at the state post-conviction level, and therefore '[c]laims attacking a state court's application of post-conviction procedures do not state a basis for a federal claim under 28 U.S.C.

---

Evans, thus bolstering the Commonwealth's theory that Evans was a dealer rather than a user.  (Id.)  Evans offered a timely objection, and the trial court admitted the testimony after a sidebar.  (Id. at 75–76.)

§ 2254.'"  (Id. (quoting Terry v. Gillis, 93 F. Supp.2d 603, 614 (E.D. Pa. 2000)).  The R&R recommends that the claim asserted in Ground 14 of the § 2254 Petition be denied.  (Id.)

The R&R then addressed Evans' claim in Ground 15 that the Superior Court wrongly relied on Pennsylvania Rule of Appellate Procedure 302(a) in finding that he waived several of his PCRA claims.  (See Doc. No. 33 at 28; Doc. No. 32 at 9-14.)  The R&R notes that "[a] federal habeas court is not empowered to correct errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Therefore, "rather than address this as a stand alone claim" the R&R stated that it will consider Evans' contention that his PCRA claims were improperly waived later in the R&R, with the other defaulted claims.  (Doc. No. 33 at 28-29.)

ii.  Exhausted Claims

Next, the Magistrate Judge reviewed the claims that Evans had exhausted on either direct or collateral review, and analyzed them under applicable law.  (Id. at 29.)  These claims are Grounds 5, 6, 8, 9 and 22.  (Id.)  The R&R found that Evans' Strickland[11] claim in Ground 22 does not entitle him to relief because "[g]iven Petitioner's failure to meet his burden under Strickland, it cannot be said that the conclusion of the state court was unreasonable."  (Id.)  The R&R concluded that the state court's determination that Evans trial attorney's failure to call a defense witness did not satisfy prong one of Strickland because Evans could now show "on the record, that Attorney Boggs lacked a reasonable basis for his decision not to call the potential witness at trial." (Id. at 35.)  Thus, the R&R recommends that the claim asserted in Ground 22 of the § 2254 Petition be denied.  (Id.)

---

[11] Strickland v. Washington, 466 U.S. 668 (1984).

The R&R then addressed Ground 5 raised in Evans' § 2254 Petition where "[p]etitioner argues that the evidence was insufficient to support his convictions for aggravated assault and PWID." (Id. at 36.)  In analyzing the claims under Supreme Court precedent in Jackson, the Magistrate Judge found that both convictions were supported by the trial evidence and therefore comport with Jackson.  For this reason, she recommends that Ground 5 of the § 2254 Petition be denied.   (Id. at 38-39 (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).)

Next, the Magistrate Judge found that Ground 6 asserted in Evans' § 2254 Petition was meritless because "[t]he Superior Court's determination is consistent with clearly established federal law" and "Petitioner's aggravated assault sentences are not unconstitutional under Alleyne."[12]   (Id. at 43.)   Additionally, she found that the sentence imposed on Evans was "a determination of state law that is binding on this court." (Id.)  Thus, Judge Hey recommends that the claim asserted in Ground 6 of the § 2254 Petition be denied.  (Id.)

Regarding Ground 8, the R&R states that Evans' consecutive sentences for the aggravated assault offenses do not violate double jeopardy because each crime Petitioner was charged with "required proof of an element the other crime did not." (Id. at 44.)  In evaluating the trial testimony, the R&R stated:

> Petitioner suddenly put his car in reverse, accelerated toward Chief Engel, and would have struck him had Chief Engel not moved into his own vehicle, satisfying the requirements for section (a)(1) aggravated assault. He also placed Chief Engel in imminent fear of serious bodily injury during the performance of his duty as a police officer, satisfying the requirements for section (a)(6) aggravated assault.

(Id. at 45.)  The Magistrate Judge recommends that the claim asserted in Ground 8 of the § 2254 Petition be denied.  (Id.)

---

[12] Alleyne v. United States, 570 U.S. 99 (2013).

The Magistrate Judge also recommends denial of Ground 9 of Evans' § 2254 Petition because "absent a Constitutional violation, a federal court has no power to review a sentence in a habeas corpus proceeding unless it exceeds the statutory limits."  (Id. at 46 (quoting Smith v. Kerestes, Civ. No. 08-0061, 2009 WL 1676136, at *16 (E.D. Pa. June 15, 2009)).  The R&R stated that "[h]ere, as on appeal in the state courts, Petitioner ignores the statutory provision authorizing a sentence up to twice as long where the defendant has a prior PWID conviction, and does not dispute the existence of his prior PWID conviction."  (Id. at 47.)  Thus, "his sentence of twenty years does not exceed the statutory limit."  (Id.)  Judge Hey recommends that the claim asserted in Ground 9 of Evans' § 2254 Petition be denied.  (Id.)

### iii.  Defaulted Claims

Finally, the R&R discussed the ten claims that were not properly raised in the state courts, and because of this default, could not be considered on the merits under section § 2254.  (Id.)  The R&R began by finding that Ground 4 asserted in Evans' § 2254 Petition was meritless because Petitioner did not raise his claim that the "trial court committed a 'structural error' that violated his right to a 'public trial'" on either direct appeal or collateral review.  (Id. at 47 (citing Doc. No. 32 at 14-15)).  The R&R states that "Petitioner does not acknowledge the default of this claim or argue that cause and prejudice exists to excuse the default" and regardless, he "was tried in an open court, as the trial transcripts demonstrate and no 'structural error' is discernable from the transcripts or any part of the record."  (Id. at 48 (citations omitted).)  Further Petitioner's claim of actual innocence also fails because this claim "relies on evidence known prior to trial and/or adduced at trial, as well as allegedly exculpatory evidence . . . that Plaintiff has sought in discovery since October 2011," none of which amounts to new evidence.  (Id. (citing Doc. No. 32 at 18-22)).  Thus,

the Magistrate Judge recommends that the claim asserted in Ground 4 of Evans' § 2254 Petition be denied.  (Id.)

The R&R then addressed Ground 12 raised in Evans' § 2254 Petition.  The R&R stated that "Petitioner argues that the trial court abused its discretion in reading portions of the affidavit of probable cause to the jury, causing undue prejudice and violating his right to a fair trial."  (Id. at 49.)  The Magistrate Judge found that Petitioner's claim was defaulted because "the trial court found that Petitioner waived the issue because defense counsel waited to raise an objection until trial was about to begin the next morning" and on direct appeal the Superior Court found that Petitioner "candidly admits his failure to lodge a timely objection . . . We therefore agree with the trial court's conclusion that [Petitioner] waived this issue."[13]  (Id. at 49-50 (citing Super. Ct.-Direct at *9) (citations omitted)).  Thus, Judge Hey concluded that the claim remains procedurally defaulted and recommends that the claim asserted in Ground 12 be denied.  (Id. at 51.)

Regarding Grounds 7, 16 to 21 and 23 the R&R states that "the Superior Court found on PCRA appeal that the claims were inexcusably waived" and Petitioner's argument "that the Superior Court improperly relied on Rule 302 in finding the claims waived" is meritless.  (Id. at 52.)  However, the R&R noted that:

> At the time of the Superior Court's decision in Petitioner's case, PCRA petitioners had no way to raise claims in the Superior Court that their counsel had not raised in the PCRA court, by virtue of procedural rules including 302(a).  As noted, a few months after the Superior Court's decision, the Pennsylvania Supreme Court opened the door for PCRA petitioner [to] raise on appeal claims that their PCRA counsel was ineffective in waiving valid claims in the PCRA court.  See supra n.29 (citing Bradley, 261 A.3d 381).  Thus, it is possible, had his appeal been after Bradley, the Superior Court might have considered (or remanded for the PCRA court to consider) whether PCRA counsel was ineffective in waiving meritorious claims in the PCRA court.

---

[13] Judge Hey also stated that "[w]ere I to reach the merits of this claim, I would find that Petitioner is not entitled to relief."  (Id. at 51, n. 28.)

(Id. at 54-55.)  The R&R stated that "[w]ithout delving into Bradley's impact vel non on the default analysis, I will address each claim on the merits using the de novo standard of review."  (Id. (citing 28 U.S.C. § 2254(b)(2) (writ may be denied on the merits notwithstanding failure to exhaust state court remedies))).  Nonetheless, the R&R found that each claim failed on the merits.  (Id.)

The R&R states Petitioner's Ground Seven claim fails because "[t]his claim asserts an error of state law, which is not reviewable on federal habeas review.  Estelle, 502 U.S. at 67-68.  Thus, even assuming it were properly raised, the claim is non-cognizable."  (Doc. No. 33 at 55.)

The R&R next discusses that Petitioner's Ground 16 claim of ineffective post-conviction counsel fails because "[h]abeas relief is not available for a such a claim as the Constitution does not guarantee effective counsel in post-conviction proceedings."  (Id. at 55-56 (citing 28 U.S.C. § 2254(i))).  The R&R characterizes the claims in Ground 17 as a "catch-all" claim that fails because "habeas petitioners are required to articulate each claim and provide supporting facts as to each, separately, and therefore such all-inclusive or catch-all claims are generally insufficient for purposes of habeas review."  (Id. at 56 (citing Rule 2(c) of the Rules Governing Section 2254 Cases)).

Judge Hey next finds that Ground 18's claim of improper jury instructions is meritless because "Petitioner has not identified any error in [the jury] instruction, and none is apparent." (Id. at 58.)  Thus, she recommends that the claims asserted in Grounds 7, 16, 17 and 18 of the § 2254 Petition be denied.  (Id. at 55-58.)

Regarding Petitioner's stand-alone Batson claim, the Magistrate Judge labels this as Ground 23 and finds that "Petitioner is not entitled to review of his substantive Batson claim because under Third Circuit precedent, Batson claims are barred from federal review in the absence of an objection at trial."  (Id. at 60 (citing Lewis v. Horn, 581 F.3d 92, 102 (3d Cir. 2009))).  The

R&R further states that regardless, the <u>Batson</u> claim fails on the merits because "there is no record support for a finding of purposeful exclusion [of members of Evans' race] and no such purpose may be gleaned from the voir dire proceedings."  (<u>Id.</u> at 61.)  Thus, Judge Hey recommends that the claim asserted in Ground 23 of the § 2254 Petition be denied.  (<u>Id.</u>)

As for Ground 19, the R&R states that Petitioner's claim that a "[c]itation. . . a police insurance claim and fourteen enumerated pieces of 'exculpatory evidence' were withheld from the defense at trial" is meritless.  (<u>Id.</u> at 63.)  The R&R discusses that Evans failed to satisfy the elements of a <u>Brady</u> violation as "Petitioner presents no evidence that the enumerated items were willfully or inadvertently suppressed by the state, other than that he failed to obtain the materials he requested" and "Petitioner cannot show sufficient prejudice in light of the other evidence adduced at trial."  (<u>Id.</u> at 32-33.)  Thus, Judge Hey recommends that Evans' claims asserted in Ground 19 of the § 2254 Petition be denied.  (<u>Id.</u>)

The R&R then addressed Ground 20 raised in Evans' § 2254 Petition.  The R&R stated that "[e]ach of the alleged incidents of prosecutorial misconduct specified by Petitioner has been addressed in the context of claims addressed elsewhere in this Report and found to be without merit."  (<u>Id.</u> at 67.)   The Magistrate Judge recommends that Evans' claim asserted in Ground 20 of the § 2254 Petition be denied.  (<u>Id.</u>)

Addressing the claims in Ground 21 of the § 2254 Petition, the R&R stated:

> The vague basis of Petitioner's claim, noted above, does not state a valid due process claim, particularly given the plain language of the Extradition Clause and the myriad ways Petitioner had to challenge aspects of his trial, and to appeal the verdict and sentencing. As such, there is no basis upon which to find a due process violation attributable to Petitioner's extradition from New Jersey to Pennsylvania.

(<u>Id.</u> at 68.)  The R&R recommends denial of Ground 21 in Evans' § 2254 Petition.  (<u>Id.</u>)

### D. Evans' Objections

On July 11, 2023, Evans filed 72 pages of Objections to the R&R.  (Doc. No. 34.)  Some Objections were numbered.  (See id.)  While at times Evans' Objections address exact portions or sentences from the R&R, many Objections appear to rehash arguments made in his original § 2254 Petition.  (See id.)  In any event, even when construing Evans' Objections liberally, the Court is challenged to cover every point he raises in his 72 pages of Objections.  It is evident here that the Magistrate Judge faced the same challenge.

First, Evans argues broadly that he objects to:

[T]he Magistrate Judge recharacterizing his constitutional claims by rephrasing the claims and then addressing ONLY part of the claim and/or an entirely different claim then what was raised by the Petitioner in his pleading.

(Id. at 2 (emphasis in original).)[14]   Under his "Objection No. 1" Evans asserted various subheadings reasserting that "[t]he commonwealth MUST correct testimony it knows to be false," (Id. at 2-3 (citations omitted)) and several "disputed factual issues" that he listed as:

that the ONLY evidence of the case was a green leather jacket alleged to have contained 3.6 grams of cocaine. . . that the handwritten statement of Van Vladricken was []submitted[], and placed into evidence, for the very first time, AT TRIAL. . . [that] the prosecution []verbally[] communicated to Attorney Boogs that Van-Vladricken was found to be in possession of drugs during the October 25, 2011 vehicle stop. . . that Chief Engel cited Van-Vladricken for disorderly conduct. . . that neither Van-Vladricken nor Chief Engel EXPLAINED the basis for the disorderly conduct charge. . . that the Commonwealth VIOLATED petitioner's right to FULL confrontation of Van-Vladricken. . . that ADA Mary Mann EXPLAINED to the COURT that the affidavit of Probable Cause LACKS FOUNDATION. . . that ADA Mary Mann, introduced, and placed into evidence, for the very first time, the PROSPECT PARK POLICE DEPT.' INSURANCE CLAIM. . . that the prosecution WILLFULLY withheld favorable exculpatory evidence. . . [and] that the prosecution exercise patterns and practice of deceit in securing petitioner's tainted conviction. . .

---

[14]   Evans utilizes capital letters and other forms of emphasis at various points in his Objections.  (See id.)  For ease of reading, the Court will quote his Objections as he submitted them but will omit the "emphasis in original" parenthetical moving forward.

(Id. at 2-6.)

Next, Evans states that he "OBJECTS to the misstatements of the procedural history of the case as found in the Magistrate's 'R&R.'" (Id. at 7.)  Evans argues that these misstatements of procedural history include that "[t]he Magistrate Judge did not receive the state court record until January 30, 2023, one[](1) year after Jurist Hey's ORDER." (Id. at 7-8.)  Relatedly, Evans claims in Objection #3 that "[t]he Petitioner OBJECTS to the Magistrate's findings of fact based solely on an INCOMPLETE and DELINQUENT state court record." (Id. at 9.)

Following these claims, Evans attempts to re-argue many of his previous contentions that his counsel at trial was ineffective.  (See id. at 11-22.)  In sum, Evans argues that "Petitioner was prejudiced, but for counsel's unprofessional errors the outcome of the proceedings would have been different" and "[t]he trial court abused its discretion in denying request for continuance to obtain new private counsel and/or to allow petitioner the CONSTITUTIONAL RIGHT to SELF REPRESENTATION." (Id. at 22.)

Next in Evans' Objection 4 he argues that "[t]he Magistrate's 'R&R' DOES NOT address the claims raised by the Petitioner. . . Instead of addressing these claims the R&R states what occurred at Trial which DOES NOT address the claim and facts before the Court in the 2254 Pleading." (Id. at 22.)  In support of this, Evans' claims that he made "[n]umerous request[s] to have EXHIBITS(S) incorporated and/or placed into the record" and "Petitioner moved the court via filing a MOTION FOR EVIDENTIARY HEARING." (Id. at 28.)

Then, Evans argues that "THE COURT COMMITTED STRUCTURAL ERROR AND VIOLATED Petitioner's guaranteed right to a public trial." (Id. at 28.)  Evans claims both "actual innocence" and "a disputed factual issue that charges were added to the VERDICT SLIP, near conclusion of petitioner's trial. . ." (Id. at 29-30.)

18

Subsequently, Evans disagrees with the R&R that "HE DID RAISE and PRESERVE the BATSON claim at TRIAL." (Id. at 32.) Next, Evans repeats many of the claims he stated earlier; including that "the prosecution exercised egregious misconduct via withholding favorable exculpatory evidence at trial" in violation of Brady. (Id. at 36.) Evans also repeats a list of 15 pieces of evidence that he contends are exculpatory and were withheld from him at trial. (See Doc. No. 1 at 79.) With the evidence, he argues that he "was DEPRIVED of the Jury information, in[t]er [sic] alia, amongst other things of which prejudiced petitioner." (Doc. No. 34 at 40.)

Evans further disagrees with the Magistrate Judge's findings and states that "[b]ut for the prosecution withholding the Prospect Park Insurance Claim, the outcome of the proceeding would have been different." (Id. at 40-41.) Evans argues that "petitioner was PREJUDICED, in that the prosecution VIOLATED due process" by "willfully or invertedly suppress[ing]" evidence of Van-Vladricken citation for disorderly conduct. (Id.) Evans concluded that this prejudice satisfied the third prong of Brady, thus disagreeing with Judge Hey's conclusion to her Brady analysis. (Id. (citing Doc. No. 33 at 65-66)). Evans' conclusion leads into his next Objection that the state PCRA court should have granted his motion for discovery for evidence regarding the insurance claim, and various other pieces of alleged evidence. (Doc. No. 34 at 44.)

Following these Objections to the R&R, Evans argues that the trial court erred by providing improper reasonable doubt jury instructions that "were ADDED to the VERDICT SLIP, just prior to [when] the Jury was set to RETIRE." (Id. at 45.) Relatedly, he asserts that "[t]he Fact-Finders did not return a VERDICT on the additional CHARGE, however, Jurist Coll exercised STRUCTURAL ERROR and found petitioner guilty during his JURY TRIAL." (Id. at 47.)

Evans makes additional Brady claims against the prosecution for withholding "favorable exculpatory evidence" and claims that "[t]he prosecution instilled practice, custom and use of

various techniques to make false statements appear true and reliable, without limitation" and that the prosecution "destroyed petitioner's MEDICAL RECORDS and JURY INFORMATION." (Id. at 49-51.)

Next, Evans argues that the "PCRA court did not afford petitioner the opportunity to develop a record of Attorney Boggs ineffectiveness at the October 2, 2019 proceeding." (Id. at 51-52.) He states that his attorney at the PCRA hearing "lost petitioner's file" and "conveyed to the court, that he was UNWILLING to RAISE PETITIONER'S CLAIMS" thus prejudicing Evans. (Id. at 52.) Evans also argues that he was prejudiced by the actions of his later attorneys at the same hearing. (Id. at 54-55.)

Evans also objects to the R&R on the grounds "that he did not waive extradition" from New Jersey to Pennsylvania and thus his "detention within the Pennsylvania Department of Corrections is ILLEGAL and UNCONSTITUTIONAL." (Id. at 57.) Petitioner further asserts "that he was not properly indicted." (Id. at 58.) He states that "[t]he foregoing claim is in concert with the extradition claim, whereas petitioner asserts disputed factual issue that the state of Pennsylvania did not have subject matter jurisdiction to extradite without formal proceedings." (Id. at 59.)

Petitioner next repeats his claims that he was sentenced under a mandatory minimum sentence which is unconstitutional under Alleyne. (Id. at 60.) Specifically, he objects "that he was not advised of his right to appeal 42 Pa.C.S.A. 9714 or 18 Pa.C.S.A. 7508 as a matter of law" and that his conviction was incorrect. (Id. at 61.) Evans also repeats his claims that his sentence violated double jeopardy. (Id. at 65-66.) And he reiterates his claim that Chief Engel's trial testimony was impermissible and prejudicial opinion testimony. (Id. at 67.)

Evans next asserts that the Magistrate Judge erred in the R&R by finding that "Petitioner's brief cites only one SPECIFIC EVIDENTIARY ITEM that he believes the trial court SHOULD NOT HAVE READ IT at VOIR DIRE[]. . . that elicit (sic) and indecent sexual acts were taking place near the scene, just prior to the incident." (Id. at 68 (emphasis added) (citing Doc. No. 30 at 50)). Evans disagrees with the Magistrate Judge and instead asserts that "the trial court abused its[]discretion in reading the affidavit of probable cause in various parts thereof to the jury, at the beginning of the trial, as the information contained in the affidavit of probable cause was unduly prejudicial, which abridged petitioner's right to a fair trial."[15] (Doc. No. 34 at 68.)

Finally, Evans' asserts his claim of "actual innocence" that he originally raised in his § 2254 Petition and states that "he is ACTUALLY INNOCENT and that a MISCARRIAGE OF JUSTICE, which no civilized society can tolerate, HAS OCCURRED." (See id. at 68-72.) Evans concludes that he "OBJECTS to the conclusions found in the Magistrate's 'R&R'" and he requests the court to "REJECT the Magistrate's R&R," and its findings, and REMAND for EVIDENTIARY HEARING before a NEW MAGISTRATE JUDGE." (Id. at 72.)

For reasons discussed infra, Evans' Objections to the R&R will be overruled and the R&R will be approved and adopted. No evidentiary hearing is required. Accordingly, Evans § 2254 Petition will be denied.

## III.   STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. Any party may file objections in response to the magistrate

---

[15]   Specifically, Petitioner objected at trial and re-raises the objection that "[t]he Affidavit of Probable Cause did not contain any information about Van-Vladricken's [handwritten statement], and/or whether or not she asked to buy drugs." (Id. at 68.)

judge's Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs objections to a magistrate judge's report and recommendation.   Under the rule, the objecting party must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C).  De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina Coll. v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper."  Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

However, objections to R&Rs are required to be aimed at a specific finding or recommendation; if objections are merely "'general in nature,' the court 'need not conduct a de novo determination.'"  United States v. McLaughlin, 607 F.Supp.3d 522, 529 (M.D. Pa. 2022)

(citing <u>Goney v. Clark</u>, 749 F.2d 5, 6-7 (3d Cir. 1984)).  Where a petitioner's objections merely rehashes and reframes the underlying arguments set forth in their original petition, a court is not obligated to separately address any issue that was thoroughly and correctly analyzed by the magistrate judge.  <u>See</u> <u>Morgan v. Astrue</u>, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (Buckwalter, J.); <u>Nghiem v. Kerestes</u>, No. CIV. A.08–4224, 2009 WL 960046, at *1 n. 1 (E.D. Pa. Apr. 3, 2009) (declining to engage in additional review of objections where the objections merely re-articulated all the claims and theories for relief that were addressed and dismissed by the magistrate judge).

## IV.   ANALYSIS

As noted above, <u>pro</u> <u>se</u> Petitioner Donald Evans filed 72 pages of Objections to the Magistrate Judge's R&R.  (<u>See</u> Doc. No. 34.)  In construing what he wrote liberally, the Court will discuss each Objection under the same category as designated in the R&R; non-cognizable claims, exhausted claims and defaulted claims.

### A.  Non-Cognizable Claims

The Magistrate Judge found several of Evans' claims in his § 2254 Petition to be non-cognizable on federal habeas review.  (<u>See</u> Doc. No. 33 at 20-29.)  Evans makes several Objections to these findings and his arguments will be discussed below.

### i.   <u>Abuse of Discretion in Denying Request for Continuance to Obtain New Counsel</u>

In his Habeas Petition, Evans asserts that the trial court abused its discretion by denying his request for a continuance when it learned about his trial attorney's alleged conflict of interest arising from the representation of Commonwealth witness Van-Vladricken four years earlier by a

different lawyer in the Defender's Office.[16]  (Doc. No. 1 at 23-33.)  The Magistrate Judge found

Evans' claims to be non-cognizable because this claim solely involves state law, which is not

subject to review in a federal habeas proceeding.  (See Doc. No. 33 at 20.)  The R&R also states

that regardless, Evans' claim would fail on the merits.  (Id.)  Evans' objects to both findings.

However, he does not address the R&R's conclusion that his claims are non-cognizable.  (See Doc.

No. 34 at 11-22.)  He only reargues the merits of his claims.  (See id.)

        This Objection or claim appears to be Evans most viable one.  It was decided against him

by the Superior Court of Pennsylvania, and Judge Hey gave careful consideration to the argument.

See Evans, 2021 WL 3056666 at *6-*8; Doc. No. 33 at 20.  This Court has also examined the issue

and can add nothing further to what Judge Hey has recommends in the R&R.  Therefore, Judge

Hey's discussion and recommendation will be quoted in full:

---

[16]  Both the Magistrate Judge and the Superior Court of Pennsylvania found Evans' continuance
and conflict of interest claims to be related and addressed them together.  This Court agrees and
will also address them together.  In addition, although not directly quoted in the R&R, the
Superior Court noted as follows:

> . . . another attorney in the public defender's office represented Van–Vladricken
> during her prosecution. Nothing in the record indicates that Boggs took any part
> in Van–Vladricken's representation. In Commonwealth v. Boring, 684 A.2d
> 561, 564 (Pa.Super. 1996), appeal denied, 547 Pa. 723, 689 A.2d 230 (1997),
> the defendant sought to disqualify the entire district attorney's office because
> the prosecuting attorney was a former member of the public defender's office.
> The prosecutor was still working as a public defender during the early stages of
> the defendant's prosecution. Id. The prosecutor had no contact with the
> defendant or with his file while the prosecutor was working for the public
> defender's office. Id. This Court concluded that disqualification of an entire
> office was unnecessary. Id. Evans' argument offers no basis on which a different
> conclusion should obtain in this case. Based on all of the foregoing, we
> therefore conclude that Boggs' representation of Evans does not create an actual
> conflict of interest.

Com. v. Evans, 2013 WL 11253747, at *5 (footnotes omitted).

Petitioner's first three grounds for relief are related and allege trial court error in denying his request for a continuance to obtain new counsel to replace Attorney Boggs due to a conflict of interest that Attorney Boggs had with Commonwealth witness Ms. Van-Vladricken. Doc. 1 at 23-33 (Grounds 1-3); Doc. 18 at 33-39 (Grounds M-O); Doc. 32 at 35-42 (same). The Superior Court recognized that the claims were related and addressed them together, see Super. Ct.-Direct at *4, and Respondents likewise argue that the claims are collectively non-cognizable and meritless. Doc. 15 at 12-15. I agree that Petitioner's first three claims are related. I also agree that if construed as alleging trial court error or abuse of discretion, the claims are collectively non-cognizable. The state courts reviewed this claim under Pennsylvania law, see Super. Ct.- Direct at *4-5, and there is no showing that the trial court's alleged error implicates Petitioner's federal constitutional rights. See 28 U.S.C. § 2254(a) (habeas corpus relief lies only where individuals are "in custody in violation of the Constitution or laws or treaties of the United States."). Even if I were to construe Petitioner's first three claims as implicating due process, I would find that Petitioner is not entitled to relief.[17] In addressing these claims together, the Superior Court stated:

> [Petitioner] argues that the public defender's office previously represented Van-Vladricken, who testified for the Commonwealth in [Petitioner's] trial, and that Christopher Boggs, the public defender representing [Petitioner], had a conflict of interest that would prevent him from properly cross-examining Van-Vladricken. The public defender's office represented Van-Vladricken in connection with a charge of endangering the welfare of children. Van-Vladricken's trial predated [Petitioner's] trial by four years. N.T., 10/3/12, at 5. [Attorney] Boggs stated that statement from her previous trial might be useful in impeaching her during [Petitioner']s trial. Id. at 6. [Attorney] Boggs further stated, "[Petitioner] has related to me that he has a belief that I will not, and my office cannot effectually represent him while we are cross examining one of our former clients. That I would not be as vigorous as I would if I were cross examining someone that my office had no connection to whatsoever." Id. at 6-7. [Petitioner's] private counsel of choice . . . was not ready to proceed on October 3, 2012, as [Petitioner] had failed to pay the full retainer. Id. at 10.
>
> …
>
> "An appellant cannot prevail on a preserved conflict of interest claim without a showing of actual prejudice." Commonwealth v. Collins, . . . 957 A.2d 237, 251 ([Pa.] 2008). "Nevertheless, we presume prejudice when the appellant shows that trial counsel was burdened by an 'actual' – rather than mere 'potential' – conflict of interest." Id. "To show an actual conflict of interest, the appellant must

---

[17] Because the state courts did not address these claims as implicating due process, the AEDPA's deferential standard of review does not apply and this claim would be subject to the de novo standard of review.  Appel, 250 F.3d at 210; Jacobs, 395 F.3d at 100.

> demonstrate that: (1) counsel actively represented conflicting interests; and (2) those conflicting interests adversely affected his lawyer's performance. Id.

Super. Ct. Direct at \*4-5 (footnote omitted). In rejecting the claims, the Superior Court first explained that Attorney Boggs was not the attorney who represented Van-Vladricken during her prior prosecution, and that Pennsylvania case law did not require the disqualification of an entire office. Id. at \*5. The Superior Court continued:

> In addition, [Petitioner] offers no viable explanation of how the alleged conflict affected [Attorney] Boggs' performance in this case. Van-Vladricken's trial predated [Petitioner's] by four years, and [Petitioner] fails to explain the relevance of that prosecution to Van-Vladricken's testimony in this case. The jury was aware that Van-Vladricken approached [Petitioner] to purchase crack cocaine, and therefore evidence of her drug use from the prior conviction was merely cumulative. [Petitioner's] claim that Van-Vladricken was a vital witness also is belied by the record. [Petitioner's] conduct was observed by several eyewitness police officers who testified at trial. The Commonwealth's expert testimony established the elements of [Petitioner's] PWID conviction.

Id. at \*6. Accordingly, the Superior Court concluded that Petitioner was not entitled to relief on these three related claims. Id.

The record shows that jury selection took place on October 2, 2012, and it was not until the beginning of proceedings on October 3 that Attorney Boggs requested "a continuance for myself or a continuance . . . on behalf of [Petitioner] so that [Attorney] Johnson can enter his appearance." N.T. 10/3/12 at 4. Attorney Johnson was present and stated that he received a payment of $1,000 and was not prepared to proceed. Id. at 10- 11. Attorney Boggs also raised the conflict issue, asserting that his office previously represented Van-Vladricken and that he wanted time to pull her file to determine if a conflict existed, and also stating Petitioner's "belief" that Attorney Boggs could not effectively cross examine a former client of the office. Id. at 5-6.

At trial, Van-Vladricken testified that she asked Petitioner if she could buy "a couple bags" of crack, and she admitted pleading guilty to disorderly conduct in connection with the incident, although she denied resisting the police. Id. at 97, 110-11. During a sidebar, Attorney Boggs stated that Van-Vladricken's prior conviction for endangering the welfare of her children involved her drug use, and that his office's representation of her in that case meant that he would be breaching a duty of loyalty in asking her about it. Id. at 105-07. Judge Coll determined that the prior conviction had no relevance to Van-Vladricken's credibility, so counsel would not have been permitted to ask about the prior conviction in any event. Id. at 108.

Although the Superior Court analyzed Petitioner's arguments under state law, its conclusion is consistent with federal due process, which requires fundamental fairness in a criminal trial. See Spencer v. Texas, 385 U.S. 554, 563-64 (1967) ("Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the

fundamental elements of fairness in a criminal trial."). As the Superior Court explained, Petitioner cannot show that he was prejudiced by Attorney Boggs' representation because Attorney Boggs did not represent Van-Vladricken in her previous trial, Van-Vladricken's drug use was made known to the jury at Petitioner's trial, and there were several eyewitness police officers to the events about which Van-Vladricken testified.

Moreover, whereas a criminal defendant has a constitutional right to proceed without counsel, see Faretta v. California, 422 U.S. 806, 819 n.15 (1975), Petitioner sought a last-minute continuance of his trial in order to hire new private counsel based on his belief that Attorney Boggs had a conflict. The only area impacted by the potential conflict was Van-Vladricken's prior child endangerment case, which Judge Coll would have excluded in any event. Also, trial took place a year following Petitioner's arrest and almost five months after the suppression hearing, and Attorney Boggs had represented him since at least April 2012, including at the May 2012 suppression hearing. Docket Sheet (entry dated 4/5/12); N.T. 5/15/12. Petitioner cites no authority for the proposition that a trial court must order a continuance in such circumstances. Therefore, even if Petitioner's first three claims were construed as asserting a violation of due process, Petitioner would not be entitled to relief.

(Doc. No. 33 at 20-24.)   In adopting Judge Hey's findings, this Court will overrule Evans' Objections to the R&R.

ii.   Trial Court Error Related to Chief Engel's Testimony

Evans argues in his § 2254 Petition that the trial court abused its discretion by allowing Chief Engel to provide impermissible opinion testimony on the physical characteristics of crack cocaine users.  (Doc. 1 at 48-49.)  The R&R found this claim to be non-cognizable and meritless.  (Doc. 33 at 25-26.)  Evans objects to the R&R's finding by restating generally that Chief Engel's testimony prevented him from having a fair trial.  (Doc. No. 34 at 67.)  The Magistrate Judge fully addressed this argument in the R&R.  (See Doc. No. 33 at 25-26.)  The only new information Evans added to his Objections is a citation to Swenson v. Cahoon, 111 Fla. 788 (Fla. 1933).[18]

---

[18] Evans also argues that "the Superior Court Opined that Chief Engel 'DID VIOLATE Pa. Crim.R.Evid. Rule 701.'"  (Doc. No. 34 at 67.)  This is a misstatement of the record.  The Superior Court stated:

While Engel's testimony arguably violated this rule, inasmuch as he based it in part on his apparent specialized knowledge of common physical traits of crack

Petitioner's reliance on <u>Swenson</u> is misplaced.  <u>Swenson</u> involves whether a sheriff is liable for the actions of a deputy under Florida state law and does not discuss opinion testimony at trial.  <u>See id.</u>  Because this decision is not relevant to Evans' Petition, his Objection will be Overruled.

iii.   <u>Denial of Post-Conviction Relief Act (PCRA) Evidentiary Hearing</u>

Evans contends in his § 2254 Petition that the PCRA court denied him a full and fair evidentiary hearing.  (Doc. No. 1 at 60-61.)  The Magistrate Judge found this claim to be non-cognizable because a state collateral hearing cannot be addressed in a federal habeas petition.  (Doc. 33 at 27-28 (citing <u>Terry v. Gillis</u>, 93 F.Supp.2d 603, 614 (E.D. Pa. 2000) ("[c]laims attacking a state court's application of post-conviction procedures do not state a basis for a federal claim under 28 U.S.C. § 2254.")).  Evans objects generally to this finding.  However, he does not address the R&R's finding that his claim is non-cognizable.  (<u>See</u> Doc. No. 34 at 51-56.)   Rather, he appears to re-argue that the PCRA court prevented him from creating a state court factual record regarding his ineffective assistance of counsel, <u>Brady</u>, and <u>Batson</u> claims.  (<u>Id.</u>)  The <u>Brady</u> and <u>Batson</u> claims are addressed in section (c)(iii) <u>supra</u> of this Opinion.  Thus, Evans' Objection to not receiving an evidentiary hearing on his PCRA petition will be overruled.

**B.  Exhausted Claims**

The Magistrate Judge found several of Evans' claims in his original § 2254 Petition to be exhausted and addressed those claims on the merits.  (<u>See</u> Doc. No. 33 at 29-47.)  The Objections Evans made to these findings will be addressed below and overruled.

---

cocaine users, Evans develops no argument and cites no authority to this effect. Thus, Evans has waived this argument.

<u>Evans</u>, 2013 WL 11253747, at *8 (emphasis added) (citations omitted).

i.  <u>Ineffective Assistance of Counsel for Failing to Call a Defense Witness</u>

Evans argues in his § 2254 Petition that trial counsel was ineffective for failing to call Darrell Rothwell, a potential defense witness, to testify.  (Doc. No. 1 at 82.)  The R&R analyzed the Superior Court of Pennsylvania's holding on this issue and concluded that the Superior Court properly analyzed this claim under <u>Strickland</u>.  (Doc. No. 33 at 29-34.)  In Evans' Objections, he discusses at length that former counsel, including trial counsel, was ineffective.  (<u>See</u> Doc. No. 34 at 11-22.)  Evans' claims are difficult to follow and are structured as a list of complaints Evans has against his former attorneys.[19]  However, in construing these claims liberally, it appears that Evans objects that the Superior Court applied a three-prong analysis of <u>Strickland</u> instead of a two-prong analysis.[20]  (<u>Id.</u> at 19.)  This Objection misinterprets <u>Strickland</u> and will be overruled.

The United States Supreme Court has held that on federal habeas review:

The pivotal question is whether the state court's application of the <u>Strickland</u> standard was unreasonable.  This is different from asking whether defense counsel's performance fell below <u>Strickland</u>'s standard.

---

[19]  Evans grievances with his former attorneys are lengthy.  To the extent that he is raising new arguments not originally raised in his § 2254 Petition, this Court need not address those claims.

[20]  Specifically, Evans argues that "Although <u>Strickland</u> provides TWO-PRONGS, the commonwealth fashioned THREE-PRONGS that is inconsistent with the rudimentary demands of justice and/or Federal Constitution."  (<u>Id.</u> at 19.)  The three-pronged test used in Pennsylvania is as follows:

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error.

<u>Commonwealth v. Matias</u>, 63 A.3d 807, 810 (Pa. Super. 2008) (citations omitted).

Harrington v. Richter, 562 U.S. 86, 101 (2011).   In Pennsylvania, courts typically articulate Strickland's standard in three parts, while federal courts set it out in two.   Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000).   The Third Circuit held in Werts that Pennsylvania's three prong test for assessing IAC claims is not contrary to Strickland.   Id. at 204.   Thus, upon careful consideration of Judge Hey's analysis, we agree with her finding that the Superior Court properly applied Strickland and will overrule Evans' Objection.

ii.   Insufficient Evidence

In his § 2254 Petition, Evans argues that the evidence was insufficient to support his convictions for aggravated assault and possession with intent to distribute ("PWID").   (Doc. No. 1 at 35-38.)   The Magistrate Judge fully analyzed this claim under United States Supreme Court precedent in Jackson v. Virginia and found the claim to be meritless.   (Doc. No. 33 at 36-39 (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).)   Evans objects to this finding by listing testimony and evidence he disputes, then concludes that the Commonwealth failed to prove beyond a reasonable doubt that Evans committed an aggravated assault and PWID.   (Doc. No. 34 at 2-3.)

As discussed previously, objections to R&Rs are required to be aimed at a specific finding or recommendation.   Here, it is unclear if Evans is making any Objections to findings or conclusions made in the R&R; rather, he appears to be reiterating his original argument that the evidence was not enough to support his convictions.[21]   Because this Objection is broad, the Court

---

[21] In his Objection, Evans states:

> Petitioner asserts disputed factual issue(s) that the trial court erred in finding (Petitioner) guilty, where the Commonwealth failed to prove beyond a reasonable doubt that ([P]etitioner) committed an aggravated assault and possessed drugs with intent to deliver them.  Incident to arrest, Officer Boseman is to have found the green leather jacket, took the jacket to the police station, searched the pockets and discovered drugs inside one of the pockets (NT

reviewed the R&R's findings for plain error and found none.  The Court agrees with the R&R's findings that the evidence was sufficient to sustain his convictions.  Evans' Objection therefore will be overruled.

### iii.   Illegal Sentences under Alleyne

In his § 2254 Petition, Evans argues that the trial court imposed mandatory minimum sentences for his aggravated assault and PWID convictions in violation of Alleyne.  He also argues that the PWID sentence was imposed based on a sentencing statute (18 Pa. C.S.A. § 7508) that has been declared unconstitutional by the Pennsylvania courts in the wake of Alleyne.  (Doc. No. 1 at 39.)  The R&R analyzed these claims and found them to be without merit.  (Doc. No. 33 at 39-43.) Evans objected to these findings by reiterating his argument that his sentence is illegal under Alleyne.  (Doc. No. 34 at 60.)

Where a petitioner's objections merely rehashes and reframes the underlying arguments set forth in their original petition, the Court is not obligated to separately address any issue that was thoroughly and correctly analyzed by the Magistrate Judge.  See Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (Buckwalter, J.) (collecting cases).

Evans' Objections are almost identical to the paragraphs in his original § 2254 Petition. (Compare Doc No. 1 at 39-40 with Doc No. 34 at 60-61.)  By reiterating his original argument, it appears that Evans is objecting broadly to the Magistrate Judge's finding that his Alleyne claims

---

05/15/2012 pp. 53-55) [h]aving another bite at the apple, at [P]etitioner's trial, Office Boseman testified that he DID NOT discover the drugs, in that another officer found the drugs and gave them to him.  (NT 10/03/2012) pp. 138-139.) The Commonwealth MUST correct testimony it knows to be false. Commonwealth v. Carpenter, 955 A.2d 411,

(Doc. No. 34 at 2-3.)  Even in construing these arguments liberally, the Court was challenged to decipher what findings of the R&R Evans was objecting to.

are without merit.  As such, his claims were thoroughly reviewed by the Magistrate Judge, who did not commit any error.  Finding none, this Court will overrule Evans' Objection.

iv.    Illegal Consecutive Sentences

In his § 2254 Petition, Evans argues that the trial court's imposition of consecutive sentences for his two counts of aggravated assault violates double jeopardy because both offenses arose from the same criminal act and constitute alternate charges from the same criminal statute. (Doc. No. 1 at 41-42.)  Judge Hey found that Evans is not entitled to relief on this claim because the convictions had different elements.  (Doc. No. 33 at 43-45.)

In his Objections, Evans simply reiterates what he originally wrote in his § 2254 Petition. (Compare Doc. No. 34 at 65-66 with Doc No. 1 at 41-42.)  This Court has now evaluated the Magistrate Judge's findings on this Objection and finds the decision of the Magistrate Judge to be correct.  Because the Objection is simply rehashing an argument previously raised, and the Court agrees with Judge Hey's findings, the Objection will be overruled.

v.    Illegal Sentence for Possession with Intent to Distribute (PWID) Conviction

In his Habeas Corpus Petition, Petitioner argues that the trial court's sentence of 78 to 240 months' incarceration for PWID unlawfully exceeded the statutory maximum.  (Doc. 1 at 43-44.) Judge Hey found this claim to be meritless because when Evans was sentenced, a Pennsylvania statutory provision authorized a sentence up to twice as long for a defendant with prior PWID convictions.  See 35 Pa. Stat. § 780-115.[22]  Evans does not dispute that he had a prior PWID

---

[22] 35 Pa. Stat. § 780-115 states that:

> (a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state, may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice

conviction.  In his Objection, Evans reiterates his argument that his sentence exceeded the statutory maximum but ignores 35 Pa. Stat. § 780-115.[23]  (See Doc. No. 34 at 66.)  Thus, the Court agrees with the Magistrate Judge's conclusion in the R&R and will overrule Evans' Objection.

### C.  Defaulted Claims

The Magistrate Judge found several of Evans' claims in his § 2254 Petition to be defaulted. (See Doc. No. 33 at 29-47.)  The Objections Evans made to these findings will be addressed next.

### i.  Claims Raised for the First Time in Habeas Petition

Evans argues in his § 2254 Petition that the trial court committed "structural error" that violated his right to a "public trial," thus implicating due process.  (Doc. No. 1 at 34.)  Judge Hey found this claim to be defaulted because Evans did not raise this claim on direct appeal or collateral review and cannot meet any exception to overcome this default.  (Doc. No 33 at 47-49.)  Evans does not object to this finding other than to reiterate his structural error claims.  (Doc. No. 34 at 28.)  In reviewing the Magistrate Judge's conclusions, the Court agrees that Evans' due process claims were raised for the first time on federal habeas review and therefore are defaulted.  Evans' Objection will be overruled.

---

that otherwise authorized, or both.  (b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the commission of the second offense, the offender has at any time been convicted under clause (30) of subsection (a) of section 13 of this act or of a similar offense under any statute of the United States or of any state relating to controlled substances.

35 Pa. Stat. § 780-115 (emphasis added).

[23] Evans also argues that his prior PWID conviction was an "ungraded felony."  (Doc. No. 34 at 62.)  This argument fails because an "ungraded felony" can still be considered a prior offense under 35 Pa. Stat. § 780-115.  See 35 Pa. Stat. § 780-115 ("For purposes of this section, an offense is considered a second or subsequent offense, if, prior to the commission of the second offense, the offender has at any time been convicted. . . of a similar offense. . . of any state [law] relating to controlled substances.")  (emphasis added).

ii.  <u>Claims Deemed Waived by the Superior Court on Direct Appeal</u>

Evans asserts in his § 2254 Petition that the trial court abused its discretion by reading portions of the affidavit of probable cause to the jury, thereby causing undue prejudice and violating his right to a fair trial.  (Doc. No. 1 at 50-53.)  The R&R stated that the Superior Court found the argument to be waived on direct appeal.  (Doc. No. 33 at 49-51.)  Consequently, it is now waived on federal habeas review.  (<u>Id.</u>)  Evans objects to this conclusion.  (Doc. No. 34 at 68.) Evans believes that the Magistrate Judge rejected this claim because the Judge construed Evans' original claim as an argument that the affidavit of probable cause contained information about alleged sexual acts that were taking place before the police arrived.  (<u>Id.</u>)  He now argues that the affidavit of probable cause, read in totality, was prejudicial.[24]  (<u>Id.</u>)  Evans' Objection will be overruled because it misstates the relevant law.

Judge Hey properly summarized this claim in the R&R:

During voir dire, Judge Coll read the jury a summary of the case which appeared to paraphrase the probable cause affidavit to the complaint. <u>N.T.</u> 10/2/12 at 31-33; <u>see</u> <u>Commonwealth v. Evans</u>, Mag. Distr. No. 32-2-44, Police Criminal Complaint (Del. Co. Oct. 25, 2011). The trial court found that Petitioner waived this issue because defense counsel waited to raise an objection until trial was about to begin the next morning. Trial Ct. Op. at 8-9. On direct appeal, the Superior Court stated:

[Petitioner] asserts that the trial court erred in reading certain portions of the affidavit of probable cause in front of the jury during voir dire. The trial court wanted to discern whether any juror had prior knowledge of the case from newspapers or any other source. [Petitioner] did not object during voir dire. The day after voir dire, before the jury was sworn in, [Petitioner] asked for a new panel, asserting that some of the facts in the affidavit of probable cause would not be admissible in evidence. Well-settled law requires that a defendant lodge a contemporaneous objection in order to preserve an issue for appeal. <u>Commonwealth v. Diggs</u>, . . . 949 A.d 873, 881 ([Pa] 2008). . . . "Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in obviating appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions."

---

[24] It is difficult for this Court to discern from Evans' Objection what portion of the affidavit of probable cause he is objecting to because he makes only a general claim to its reading.

Commonwealth v. Reaves, . . . , 923 A.2d 1119, 1132 ([Pa.] 2007). [Petitioner] candidly admits his failure to lodge a timely objection. His decision to wait until the jury panel was selected and trial was set to commence deprived the trial court of the ability to take corrective action that might have obviated the need to delay trial and/or the need for appellate review of this issue. We therefore agree with the trial court's conclusion that [Petitioner] waived this issue. We note that [Petitioner] could not obtain relief on this argument even if we addressed the merits. [Petitioner's] brief cites only one specific evidentiary item that he believes the trial court should not have read at voir dire: ". . . that elicit [sic] and indecent sexual acts were taking place near the scene, just prior to the incident." The record belies [Petitioner's] claim, as [Chief] Engel testified that he arrived at the scene to investigate a tip that a lewd act was taking place in the vehicle that turned out to belong to [Petitioner]. N.T., 10/3/12, at 41.

Super. Ct.-Direct at *9 (citations omitted).

Habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address a petitioner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman, 501 U.S. at 729-30). A decision based on a state procedural rule is considered independent if it does not rely on the merits of the federal claim or rest primarily on federal grounds. Harris v. Reed, 489 U.S. 255, 260 (1989); see also Ake v. Oklahoma, 470 U.S. 68, 75 (1985). "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Barr v. City of Columbia, 378 U.S. 146, 149 (1964)), and the rule "speaks in unmistakable terms." Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996) (abrogated on other grounds, Beard v. Kindler, 558 U.S. 53 (2009)). Thus, the procedural disposition must comport with similar decisions in other cases such that there is a firmly established rule that is applied in a consistent and regular manner "in the vast majority of cases." Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997) (quoting Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989)).

Here, as the Superior Court explained, the state court's waiver determination is based on "long-standing" state law, and as such constitutes an independent and adequate state ground rule rendering this claim procedurally defaulted. Petitioner again fails to acknowledge the default or argue that cause and prejudice exists to excuse the default, and Martinez cannot excuse the default because this is not an IAC claim.

(Doc. No. 33 at 49-51.)

In Evans' Objection, he is arguing that by the judge reading the affidavit of probable cause to the jury, he was denied his right to a fair trial.  (Doc. No. 34 at 68.)  The state court found this

claim to be procedurally defaulted.  See Super. Ct.-Direct at *9.  When a state court finds a defendant's claim to be defaulted based on a state procedural rule, a federal habeas court is barred from considering those claims, unless the habeas petitioner can show two things: (1) cause for the default and (2) prejudice attributable thereto.  To satisfy the first prong, the Third Circuit stated that:

> the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' Murray v. Carrier, 477 U.S. 478, 488, (1986). By way of example, the Court opined that showing a factual or legal basis for a claim was not reasonably available to counsel or showing interference by government officials sufficient to make compliance impracticable, would constitute acceptable cause for federal habeas review of the defaulted claim. Id. Moreover, ineffective assistance of counsel has been deemed by the Supreme Court to fall within this standard. Id. The Court noted, however, that the exhaustion doctrine generally requires that an ineffective assistance claim 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' Id. at 488-89.

Werts v. Vaughn, 228, F.3d 178, 193 (3d Cir. 2000).  To satisfy the second prong:

> the habeas petitioner must prove "'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 494, 106 S.Ct. 2639 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. Id. In the context of an ineffective assistance claim, we have stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

Id.

Here, Evans does not satisfy either prong required to overcome default.  He argues that his trial attorney objected to the reading of the affidavit of probable cause, but he does not recognize that the objection was untimely and therefore waived.  (See Doc. No. 34 at 67.)  Further, he does not argue in his Objections that cause or prejudice exists to excuse the default.  Thus, Evans' Objection will be overruled.

iii. <u>Claims Deemed Waived by the Superior Court on PCRA Review</u>

The Magistrate Judge found eight of Petitioner's claims in his Habeas Petition to be defaulted on federal habeas review because they were not properly raised in the lower courts. (Doc. No. 33 at 52.)  While Evans argues that he did raise the eight claims in PCRA appeal, the Superior Court found those claims to be waived under Pennsylvania Rule of Appellate Procedure 302(a).  <u>Evans</u>, 2021 WL 3056666, at *6.  The Magistrate Judge analyzed the Superior Court's use of Rule 302(a) and stated:

> Pennsylvania Rule of Appellate Procedure 302(a) states, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). The courts of this circuit have found that appellate rule 302(a) is independent and adequate to support a procedural default. <u>See</u> <u>Thomas v. Sec., Pa. Dept. of Corr.</u>, 495 F. App'x 200, 206 (3d Cir. 2012) (waiver ruling by Superior Court was independent and adequate, supporting default); <u>Crocker v. Klem</u>, 450 F. App'x 136, 138 (3d Cir. 2011) (finding petitioner's claim defaulted under Rule 302(a); <u>Oliver v. Eckard</u>, Civ. No. 16-677, 2018 WL 7502404, at *6 (E.D. Pa. June 26, 2018) (R&R approved and adopted Feb. 28, 2019, 2019 WL 1003599) (finding Rule 302(a) regularly applied by Pennsylvania courts to decline consideration of appeal of claim not presented in PCRA petition); <u>Troutman v. Overmyer</u>, Civ. No. 14-1592, 2015 WL 1808640, at *12 (E.D. Pa. April 21, 2015) (approving and adopting R&R) (explaining Rule 302(a) is independent and adequate state rule and collecting cases). Therefore, the Superior Court's waiver ruling under Rule 302(a) is adequate and independent, and supports a finding of default in this court.

> At the time of the Superior Court's decision in Petitioner's case, PCRA petitioners had no way to raise claims in the Superior Court that their counsel had not raised in the PCRA court, by virtue of procedural rules including Rule 302(a). As noted, a few months after the Superior Court's decision, the Pennsylvania Supreme Court opened the door for PCRA petitioner so raise on appeal claims that their PCRA counsel was ineffective in waiving valid claims in the PCRA court. <u>See</u> <u>supra</u> n.29 (citing <u>Bradley</u>, 261 A.3d 381). Thus, it is possible, had his appeal been after <u>Bradley</u>, the Superior Court might have considered (or remanded for the PCRA court to consider) whether PCRA counsel was ineffective in waiving meritorious claims in the PCRA court. Without delving into <u>Bradley</u>'s impact vel non on the default analysis, and in an abundance of caution, I will address each claim on the merits using the <u>de</u> <u>novo</u> standard of review.  <u>See</u> 28 U.S.C. § 2254(b)(2) (writ may be denied on the merits notwithstanding failure to exhaust state court remedies).

(Doc. No. 33 at 54-55.)  This Court agrees with the Magistrate Judge's decision to apply <u>de novo</u> review and will analyze those eight claims and Petitioner's objections under the same standard.

      a.   <u>Trial Court Error for Failing to Adhere to the Dictates of 42 Pa. C.S.A. § 9714.</u>

In his § 2254 Petition, Evans argues that the trial court failed to follow the requirements of 42 Pa. C.S.A. § 9714 and failed to advise him that he faced a mandatory minimum sentence.  (Doc. No. 1 at 40.)  In the R&R, the Magistrate Judge found this claim to be defaulted because it was not raised on appeal in state court and, regardless, this claim is non-cognizable on federal habeas review.[25]  (Doc. No. 33 at 55.)  Evans objects to the R&R's findings and reiterates his argument that he was not told he could appeal, and that his prior charge that invoked the mandatory minimum was improper for this purpose.  (Doc. No. 34 at 61-62.)  Evans only makes general Objections to the R&R's findings and does not address that state law sentencing claims are non-cognizable on federal habeas review.  Thus, Evans' Objection will be overruled.

      b.   <u>Ineffectiveness of PCRA Counsel for Failing to Obtain</u>
           <u>Exculpatory Evidence</u>

Evans argues in his Habeas Petition that PCRA counsel, Attorney Lattanzi, was ineffective for failing to subpoena records or other exculpatory evidence, including a subpoena to prospective defense witness Darrell Rothwell.  (Doc. No. 1 at 69-71.)  The R&R found this claim to be non-cognizable on federal habeas review because IAC claims for state post-conviction proceedings are not a basis for habeas relief.  (Doc. No. 33 at 55-56.)  Evans objects by reiterating his argument that Attorney Lattanzi's actions prejudiced him.  (Doc. No. 34 at 55.)  However, under 28 U.S.C.

---

[25] In the R&R, the Magistrate Judge found this claim to be non-cognizable because sentencing is a state law determination and purely state-law determinations are not reviewable on federal habeas review.  (Doc. No. 33 at 55 (citing <u>Estelle</u>, 502 U.S. at 67-68.))

§ 2254(i), ineffective counsel during a state collateral post-conviction proceeding is not a ground

for federal habeas relief.  The statute in full states:

> The ineffectiveness or incompetence of counsel during Federal or State collateral
> post-conviction proceedings shall not be a ground for relief in a proceeding arising
> under section 2254.

28 U.S.C. § 2254(i).  Here, Attorney Lattanzi was Evans' counsel during his PCRA proceedings.

Thus, the Court agrees with Judge Hey, that even if this claim of ineffective counsel at a state post-

conviction proceeding was properly raised in state court, it would be non-cognizable on federal

habeas review.  Evans' Objection will be overruled.

      c.   Improper Reasonable Doubt Instruction

In his § 2254 Petition, Evans argues that the jury instructions contained an improper

reasonable doubt instruction, specifically Judge Coll's statement that "an ordinary person is more

likely to commit a crime if he or she has a motive, then if he or she has no motive."[26]  (Doc. No.

1 at 75.)  The R&R found these claims to be meritless because Evans did not identify any error in

the reasonable doubt instructions, and none is apparent.  (Doc. No. 33 at 57-58.)  Evans objects

and argues that the motive statement by Judge Coll "prejudiced petitioner by indicating that

petitioner had a motive to harm Chief Engle" and then supported this Objection with evidence that

Evans believes demonstrated that he had no motive.  (Doc. No. 34 at 46.)  This Objection is

meritless for three reasons.  First, Evans did not make a contemporaneous objection to this jury

instruction.  Second, the Commonwealth was not required to prove a motive for the commission

of crimes charged.  Third, Evans does not present any evidence that he was prejudiced, other than

---

[26] This statement was not a part of the reasonable doubt instruction; it came later on in the jury
instructions.  However, both the Magistrate Judge and this Court evaluated both portions of the
jury instructions and has found them to be proper.

the fact that he disagreed with the judge making the statement.  Thus, Evans' Objection will be overruled.

     d.  <u>Violation of Batson</u>

Evans raises a <u>Batson</u>[27] claim in his Habeas Petition.  (Doc. No. 1 at 76.)  The Magistrate Judge found in the R&R that this claim was unreviewable because Evans did not make a proper <u>Batson</u> objection at trial.  (Doc. No. 33 at 59-60.)  Evans' objects and argues that he did raise a <u>Batson</u> claim at trial and points to page 90 of the trial transcript of October 2, 2012, as evidence he did so.[28]  (Doc. No 34 at 32.)  This argument fails because Evans did not make a proper <u>Batson</u> objection at trial.

To raise a <u>Batson</u> claim, the Third Circuit requires a timely objection.  <u>Lewis v. Horn</u>, 581 F.3d 92, 101-02 (3d Cir. 2009).  The Third Circuit has established that a timely objection "must be made before the petit jury has been sworn and prior to the dismissal of the venire."[29]  <u>Thompson v. Johnson</u>, 291 Fed.Appx. 477, 479 (3d Cir. 2008) (citing <u>United States v. Sharma</u>, 190 F.3d 220, 231 (3d Cir. 1999)).   In <u>Thompson v. Johnson</u>, the Third Circuit found a <u>Batson</u> challenge to be untimely when it was raised after the jury was sworn.  291 Fed.Appx. 477, 478-79 (3d Cir. 2008); <u>see</u> <u>also</u> <u>United States v. Davis</u>, No. 18-270, 2020 WL 5898783, at *6 (E.D. Pa. Oct. 2, 2020)

---

[27] <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

[28] While Evans cites to the October 2, 2012 trial transcript, this Court believes this was a unintentional error.  There is no page 90 of the October 2, 2012 trial transcript and his original Habeas Petition cites to page 90 of the October 3, 2012 trial transcript.  In reading Petitioner's Objections liberally, the Court will evaluate his claims under page 90 of the October 3, 2012 transcript.

[29] "A timely objection gives the trial judge an opportunity to 'promptly consider the alleged misconduct during jury selection,' 'develop a complete record,' and 'remedy any defects.'" <u>Sneed v. Beard</u>, 328 F.Supp.3d 412, 423 (E.D. Pa. 2018).

(finding the <u>Batson</u> claim was too late when Defendant waited until "the jury was sworn in, and the Government was giving an opening statement."). Further, a <u>Batson</u> objection must be clear enough to alert the trial judge to the purported misconduct. <u>See Lewis v. Horn</u>, 581 F.3d 92, 102 (3d Cir. 2009). In <u>Lewis</u>, the Third Circuit held that a Defendant stating "[s]o prejudiced. So prejudiced" was not clear enough to put the trial judge on notice. <u>Id.</u> Without a timely objection, a petitioner forfeits the right to raise a <u>Batson</u> claim on appeal. <u>See Clausell v. Sherrer</u>, 594 F.3d 191, 194-95 (3d Cir. 2010) (citing <u>Lewis</u>, 581 F.3d at 102).

At Evans' trial, neither Evans nor his counsel made a <u>Batson</u> objection before the jury was sworn. Evans disagrees and points to page 90 of the October 3, 2012 trial transcript as evidence that there was a <u>Batson</u> objection. (<u>N.T.</u> 10/3/12 at 90.) However, this objection was untimely because it was lodged after the jury was sworn. (<u>See id.</u> at 14.) Further, even though the record indicates that Evans was "loudly and vocally expressing his displeasure at the jury in this case" prior to the jury being sworn, under <u>Lewis</u> this statement was not clear enough to put the trial judge on notice.[30] <u>Id.</u> at 90; <u>see also Lewis</u>, 581 F.3d at 102. In sum, Evans did not properly preserve

---

[30] The portion of the transcript that Petitioner is referring to is a statement placed on the record by Assistant District Attorney Mary Mann. She stated:

> . . . Your Honor, at the end of the day yesterday, the Defendant was again loudly and vocally expressing his displeasure at the jury in this case, and how this jury doesn't look like the juries he's seen in the past. And how this is – and I'm summarizing, a miscarriage of justice. And he wanted the issue raised that there were no African American jurors in the main panel of the jury and was not at all happy with the make-up or race of the jurors in this case. And it's [the government's] contention again that these actions being undertaken by [Evans] are yet again another attempt [by] him to repick or reselect this jury. And I ask permission to put that on the record.

(<u>N.T.</u> 10/2/2012 at 90.)

his <u>Batson</u> claim because he did not make a timely objection as required by Third Circuit

precedent.[31]  Thus, Evans' Objection will be overruled.

     e.  <u>Violation of Brady</u>

Evans alleges that the Commonwealth violated <u>Brady</u> by failing to disclose exculpatory

evidence.  (Doc. 1 at 78-79.)  The Magistrate Judge analyzed these claims and found them to be

meritless because Evans cannot satisfy the third prong of <u>Brady</u>, which requires a petitioner to

show prejudice considering the other evidence admitted at trial.[32]  (Doc. No. 33 at 63-66.)  In his

---

[31] The Magistrate Judge also found that even when evaluating Evans' <u>Batson</u> claim on the merits, his argument fails, and any related IAC claim would be similarly meritless.  (Doc. No. 33 at 62-63.) Upon careful consideration of Judge Hey's findings, the Court agrees.

[32] In both his original Habeas Petition and Objections, Evans argues that the Commonwealth violated <u>Brady</u> by withholding (1) 911 radio calls, (2) computer automated draft reports, (3) police log books, (4) video dash camera footage, (5) a blood screening order, (6) the identity of the anonymous caller, (7) the identities and statements of two civilians, (8) Van-Vladricken's Citation, (9) narcotics allegedly found in Van-Vladricken's possession, (10) laboratory results related to Van-Vladricken, (11) motion to sever trial, (12) EMS/medical reports, (13) Prospect Park Police Department insurance claim/reports/photographs, (14) Van-Vladricken's guilty plea, and (15) "Petitioner's street files."  (<u>See</u> Doc. No. 32 at 17.)

The Magistrate Judge found:

> Assuming that all of the items existed at one time and would be discoverable and favorable to Petitioner -- in other words, that the first two prongs of <u>Brady</u> were satisfied -- Petitioner cannot show sufficient prejudice in light of the other evidence adduced at trial, particularly the testimony of Van-Vladricken that she was purchasing drugs from Petitioner, Chief Engel who narrowly avoided injury when Petitioner's car suddenly sped towards him in reverse, and the police officers who pursued Petitioner by car and on foot, arrested him, and recovered cash and drugs on or near his person. <u>See</u>, <u>e.g.</u>, <u>Gibson v. Beard</u>, 165 F.Supp.3d 286, 304 (E.D. Pa. 2016) (evidence suppressed by prosecution not material where "the case against [the petitioner] was very strong, even when completely discounting all of the testimony from the witnesses who could have been impeached with the <u>Brady</u> material").

> For the aforementioned reasons, Petitioner's substantive <u>Brady</u> claim is meritless.

Objections, Petitioner reiterates the three prongs of <u>Brady</u> but only makes general assertions that he was prejudiced, without identifying additional evidence to support this claim or discussing the other evidence that weighs against his prejudice argument.[33]  (Doc. No. 34 at 39-40.)  As such, the Court reviews the R&R's findings for plain error, and finding none, will overrule Petitioner's Objection.

      f.  <u>Prosecutorial Misconduct</u>

In his § 2254 Petition, Evans alleges that the prosecution engaged in misconduct by utilizing "various techniques to make false statements appear true and reliable," withholding exculpatory evidence, and adding additional charges before the jury retired.  (Doc. No. 1 at 80.)  In the R&R, the Magistrate Judge found these claims to be meritless.  (Doc. No. 33 at 66-67.)  Evans raises prosecutorial misconduct at various times throughout his numerous Objections.  However, these claims are recitations of arguments he raised in his original § 2254 Petition and were addressed by the Magistrate Judge in the R&R.  The Magistrate Judge found:

> Each of the alleged incidents of prosecutorial misconduct specified by Petitioner has been addressed in the context of claims addressed elsewhere in this Report and found to be without merit.  Because Petitioner's prosecutorial misconduct claim is meritless, any IAC claim related to prosecutorial misconduct would be similarly meritless. <u>Werts</u>, 228 F.3d at 203; <u>Buehl</u>, 166 F.3d at 173-74

(Doc. No. 33 at 67) (footnotes omitted).  This Court agrees with the conclusions of the Magistrate Judge that there was no prosecutorial misconduct and Evans' Objections will be overruled.

---

(Doc. No. 33 at 66.)

[33] To show prejudice, a petitioner must show that errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).  Evans has not met this standard.

g.   Improper Extradition

Evans asserts in his Habeas Corpus Petition that his extradition from New Jersey to Pennsylvania violated federal law.  (Doc. No. 1 at 81.)  The R&R found this claim to be vague and meritless.   (Doc. No. 33 at 67-68.)   In his Objection, Petitioner appears to argue that the Pennsylvania trial court lacked jurisdiction over him because his extradition from New Jersey was illegal.  (Doc. No. 34 at 57.)  He argues that the Governor of New Jersey never signed his extradition papers, and he did not appear before a Judge in New Jersey.  (Id.)  Evans' Objections will be overruled because extradition claims are non-cognizable on federal habeas review.

It is well-settled that challenges to extradition are non-cognizable on federal habeas review. United States ex rel. Huntt v. Russell, 285 F.Supp. 765, 767 (E.D. Pa. 1968) ("[i]llegal extradition does not afford a basis for relief by way of habeas corpus."); see also Begnoche v. Thompson, Civ. No. 3:16-CV-2455, 2019 WL 9355825 at *12 (M.D. Pa. April 25, 2019).

As previously noted, Evans attended his trial but did not return to court for the verdict. N.T. 11/7/12 at 4-5, 55-57.  Judge Coll issued a bench warrant and Petitioner was subsequently arrested in New Jersey and extradited back to Pennsylvania.[34]  See id.  Following Third Circuit precedent, any challenge to that extradition process is non-cognizable on federal habeas review. Evans' Objection will be overruled.

V.   MOTIONS

Petitioner filed with the Magistrate Judge three Motions seeking discovery (Doc. Nos. 8, 11, 14) and a Motion for an evidentiary hearing (Doc. No. 22.)   The Magistrate Judge

---

[34]  Notably, Evans did not challenge his extradition from New Jersey nor did he do so on the record at his sentencing.  Id.  On the contrary, Evans informed Judge Coll at sentencing that during the time he was a fugitive, he had called his attorney and "was arranging to turn myself in."  Id. at 75.

recommended that all Motions be denied because there was no good cause for the discovery, and he has not satisfied the requirements for an evidentiary hearing under 28 U.S.C. § 2254(e)(2).[35] (Doc. No. 33 at 68-71.)

### A. Motions for Discovery

In construing Evans' Objections liberally, it appears that he objects to the Magistrate Judge's recommendation that his Motion for discovery be denied.[36]   (See Doc. No. 34 at 3-5.) These Objections will be overruled because none of them present "good cause" for discovery.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."   Bracy v. Gramley, 520 U.S. 899, 904 (1997). "Accordingly, habeas petitioners are entitled to discovery only upon a showing of 'good cause,' and even then, the scope of discovery is subject to a district court's sound discretion." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011).   "Good cause" can be satisfied if petitioner shows that

---

[35]  28 U.S.C. § 2254 (e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> > (A) the claim relies on—
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[36]  Evans states in his Objections that "[P]etitioner sought Discovery since October 24, 2011."  (Id. at 3.)  In the pages that follow he "asserts disputed factual issues(s)" that appear to be what Evans is seeking discovery for.  (Id. at 3-5.)

factual allegations, if fully developed, would entitle the petition for habeas corpus to be granted.

Id.

Here, there is no good cause for discovery.  The materials Petitioner seeks in discovery are the same ones he has attempted to obtain several times, including in his Brady claims as discussed supra in section IV(c)(iii)(e).  The materials include:

> (1) 911 radio calls, (2) computer automated draft reports, (3) police log books, (4) video dash camera footage, (5) a blood screening order, (6) the identity of the anonymous caller, (7) the identities and statements of two civilians, (8) Van-Vladricken's Citation, (9) narcotics allegedly found in Van-Vladricken's possession, (10) laboratory results related to Van-Vladricken, (11) motion to sever trial, (12) EMS/medical reports, (13) Prospect Park Police Department insurance claim/reports/photographs, (14) Van-Vladricken's guilty plea, and (15) "Petitioner's street files." Doc. 18 at 18; Doc. 32 at 17.

(Doc. No. 33 at 65.)  As the Magistrate Judge properly concluded:

> Petitioner is not entitled to relief. Although the Commonwealth represented to the state court that Petitioner's requested materials do not exist in the record and are not in its possession, see, e.g., N.T. 9/27/18 at 18-19, Petitioner presents no evidence that the enumerated items were willfully or inadvertently suppressed by the state, other than that he failed to obtain the materials he requested. Assuming that all of the items existed at one time and would be discoverable and favorable to Petitioner -- in other words, that the first two prongs of Brady were satisfied -- Petitioner cannot show sufficient prejudice in light of the other evidence adduced at trial, particularly the testimony of Van-Vladricken that she was purchasing drugs from Petitioner, Chief Engel who narrowly avoided injury when Petitioner's car suddenly sped towards him in reverse, and the police officers who pursued Petitioner by car and on foot, arrested him, and recovered cash and drugs on or near his person. See, e.g., Gibson v. Beard, 165 F.Supp.3d 286, 304 (E.D. Pa. 2016) (evidence suppressed by prosecution not material where "the case against [the petitioner] was very strong, even when completely discounting all of the testimony from the witnesses who could have been impeached with the Brady material"). For the aforementioned reasons, Petitioner's substantive Brady claim is meritless.

(Id. at 65-66.)  This Court agrees with the Magistrate Judge's finding that there is no good cause for discovery.  Thus, Petitioner's Objection will be overruled, and the Motions for Discovery (Doc. Nos. 8, 11 and 14) will be denied.[37]

### B.  Motion for an Evidentiary Hearing

Petitioner objects to Judge Hey's recommendation that the Motion for Evidentiary Hearing be denied.  (Doc. No. 34 at 9.)  He contends, without specifying, that he asserts facts throughout his § 2254 Petition, which would have changed the outcome of his criminal case.  (Id.)  This is a general Objection that does not require de novo review.  In any event, he is not entitled to an evidentiary hearing on his claims because he does not meet the elements of 28 U.S.C. 2254(e)(2)(A) and (B), supra footnote 35.  Thus, in reviewing the record and Judge Hey's findings, this Court agrees that Petitioner is unable to satisfy the requirements to be granted an evidentiary hearing.

## VI.   CONCLUSION

For the foregoing reasons, Evans' Objections to the R&R (Doc. No. 34) will be overruled. The Court will approve and adopt the R&R (Doc. No. 33).  Therefore, Evans' § 2254 Petition (Doc. No. 1) will be denied.  There is no need for an evidentiary hearing or discovery.  No certificate of appealability will be issued because there has been no substantial showing of the denial of a constitutional right.  An appropriate Order follows.

---

[37] Evans' "Objection No. 2" objects to statements in the R&R that he claims are "misstatements of the procedural history of the case."  (Doc. No. 34 at 7.)  Under this heading, Evans' claims that the government failed to answer his complaint, that the eventual answer was untimely, and that Magistrate Judge Hey did not receive the state court record until January 30, 2023.  (Id. at 7-9.)  This Objection is not a basis on which habeas review would be granted and is overruled. These alleged errors do not violate Evans' constitutional rights, and as such, are not appropriate for federal habeas relief.